# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL CASE NO.** |
| : | **1:17-CR-0040-SCJ** |
| **ALI-HAIDER KHAN,** : | |
| : | |
| Defendant. : | |

## ORDER

This matter appears before the Court for consideration of the magistrate judge's September 5, 2017, Non-Final Report and Recommendation ("R&R") (Doc. No. [50]), in which The Honorable Catherine M. Salinas, United States Magistrate Judge, recommended that Defendant's Motion to Compel Selective Prosecution Discovery (Doc. No. [30]); Motion to Dismiss the Indictment with Prejudice for Selective Prosecution (Doc. No. [22]); and Motion to Quash Count One as Fatally Duplicitous or to Require Forced Election (Doc. No. [17]) be denied.

The Court incorporates by reference the facts and legal standards stated in the R&R. As stated in the R&R (Doc. No. [50], pp. 2–3), on February 8, 2017, a grand jury in the Northern District of Georgia returned a one-count indictment against Defendant Ali-Haider Khan for violating 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(c) by possessing with the intent to distribute synthetic cannabinoids. [Doc. 1 at 1-2]. Specifically, the indictment alleges:

> On or about November 9, 2015, in the Northern District of Georgia, the defendant, ALI-HAIDER KHAN, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving a mixture and substance containing:
>
> (1) a detectable amount of "AB-FUBINACA," N-(l-amino-3-methyl-1-oxobutan-2-yl)-1-(4-fluorobenzyl)-lH-indazole-3-carboxamide, a Schedule I controlled substance;
>
> (2) a mixture and substance containing a detectable amount of "XLR11," [1-(5-fluoro-pentyl)-1H-indol-3-yl](2,2,3,3-tetramethylcyclopropyl) methanone, a Schedule I controlled substance; and
>
> (3) a mixture and substance containing a detectable amount of "AB-CHMINACA," N-(1-amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-lH-indazole-3-carboxamide, a Schedule I controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

On September 19, 2017, Defendant Khan filed objections to the R&R. Doc. No. [53]. Defendant Khan "objects generally to the factual findings, analysis, and conclusions that are contrary to that presented by the [three] motion(s), and corresponding reply briefs. Doc. No. [53], p. 1 (citing Doc Nos. [17], [22], [30], [38], and [42]). Defendant Khan objects with particularity to the following issues: (1) Duplicity: the enumeration of three different controlled substances does not

2

charge different ways in which 21 U.S.C. § 841(a)(1) (2012) has allegedly been violated; and (2) Remedy: count one should be quashed, or this Court should force the government to elect one of the three controlled substances alleged. Doc. No. [53], pp. 2, 4.

When such objections are filed (as to dispositive motions), the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." Id. Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.[1] For non-dispositive matters, such as the pending discovery motion, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

---

[1] There is no evidentiary transcript for the District Court to review. Cf. United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (per curiam) (holding that the district judge must also "read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's recommendation.").

AO 72A
(Rev.8/82)

"Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

To this regard, the Court has not considered Defendant's general objections to "the factual findings, analysis, and conclusions [of the magistrate] that are contrary to that presented by [his] motions" at Doc. Nos. [17], [22], and [30], and his corresponding reply briefs at Doc. Nos. [38], [42]. Doc. No. [53], p. 1. Furthermore, in reviewing the portions of the R&R not subject to a particularized objections, the Court finds no clear error. See United States v. GoveaVazquez, 962 F. Supp. 2d 1325, 1326-27 (N.D. Ga. 2013) ("Where no objection to the R&R is made, it need only be reviewed for clear error.") (internal quotations omitted) (emphasis omitted); see also United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice."). More, specifically, as to the Defendant's non-dispositive motion to compel selective prosecution discovery for which Defendant has only raised a general objection to the R&R, the Court accepts the magistrate's recommendation as the Court does not find

that the magistrate's order is contrary to law or clearly erroneous. As to the Defendant's dispositive-motion to dismiss indictment with prejudice for selective prosecution (Doc. No. [22]) to which Defendant has only raised a general objection to the R&R, the Court finds no clear error.

The Court will now consider Defendant's particularized objections as to the magistrate's recommendation for the motion to quash be denied. Doc. No. [53]. Defendant argues that "because count one requires proof of dissimilar facts (knowing possession of three separate controlled substances), and alleges only one way [that] § 841(a)(1) was violated (possession with intent to distribute), the count is duplicitous under Bins."[2] Doc. No. [53], p. 4. According to Defendant, under Eleventh Circuit precedent, the knowledge-element-modification makes count one duplicitous because, "it is well settled that the test for determining whether several offenses are involved is whether identical evidence will support both of them, and if any dissimilar facts must be proved, there is more than one offense." Doc. No. [53], p. 3 (citing Bins v. United States, 331 F.2d 390, 393 (5th

---

[2] "In Bins v. United States, 331 F.2d 390 (5th Cir.), cert. denied, 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87 (1964), the former Fifth Circuit concluded that because Rule 8(a), of the Federal Rules of Criminal Procedure, requires that each offense be stated in a separate count, a count that charged two violations of the same statute was duplicitous." United States v. Schlei, 122 F.3d 944, 979 (11th Cir. 1997).

5

Cir. 1964) and Blockburger v. United States, 284 U.S. 299 (1932) (emphasis omitted)).

"A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses." United States v. Schlei, 122 F.3d 944, 977 (11th Cir. 1997) (citing United States v. Burton, 871 F.2d 1566, 1573 (11th Cir.1989)). "Under this analysis, the key issue to be determined is what conduct constitutes a single offense." Id.

After review of Defendant's arguments and citation of authority, the Court is not convinced that the indictment is duplicitous, as opposed to merely specifying how the violation of law is alleged to have been committed, as asserted by the Government and Magistrate. Doc. No. [50], pp. 10–11. The Court recognizes Defendant's arguments to the contrary.

Furthermore, even if the indictment is duplicitous, the Court is unable to conclude that the proper remedy for the case *sub judice* is quashing/dismissal of the indictment or forced election. As stated in United States v. Slawson:

> Even if Count One was determined to be duplicitous, the remedy is not dismissal of that count of the indictment. Any danger flowing from the duplicity of charging more than one crime in a single count is "cured by a jury instruction explaining unanimous agreement must be reached that the government proved, beyond a reasonable doubt, at least one or the other—i.e., either a scheme to defraud or to obtain money by false pretenses."

AO 72A
(Rev.8/82)

United States v. Slawson, No. 1:14-CR-00186-RWS, 2014 WL 5804191, at *10 (N.D. Ga. Nov. 7, 2014), *report and recommendation adopted*, No. 1:14-CR-0186-RWS, 2014 WL 6990307 (N.D. Ga. Dec. 10, 2014); see also Bins v. United States, 331 F.2d 390, 393 (5th Cir. 1964) ("The failure to correct the duplicitous nature of the indictment in some manner was error . . . . Since there is an approved procedure for submitting duplicitous counts by limiting instructions, the judgment, as to counts one and two, is reversed and remanded.").

**CONCLUSION**

The Court hereby **ADOPTS** the magistrate's R&R (Doc. No. [50]) as the Order of the Court. After review, Defendant's objections to the R&R (Doc. No. [53]) are hereby **OVERRULED**.

Defendant's Motion to Compel Selective Prosecution Discovery (Doc. No. [30]); Motion to Dismiss the Indictment with Prejudice for Selective Prosecution (Doc. No. [22]); and Motion to Quash Count One as Fatally Duplicitous or to Require Forced Election (Doc. No. [17]) are hereby **DENIED**.

AO 72A
(Rev.8/82)

The Court will **DEFER** the matter of whether to use a special verdict form, give a unanimity limiting instruction/charge,[3] or utilize another type of precautionary trial procedure to be taken up during the trial of this case. The parties are **DIRECTED** to bring this matter to the Court's attention at or prior to the jury charge conference.

**IT IS SO ORDERED,** this 15th day of May, 2018.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[3] See United States v. Karam, 37 F.3d 1280, 1286 (8th Cir. 1994) ("Courts have held that the risk of a nonunanimous verdict inherent in a duplicitous count may be cured when the jury is given a limiting instruction that requires it to unanimously find the defendant guilty with respect to at least one distinct act.").